# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARY BILEK, | ) |
| | ) Case No. 1:18-cv-02870 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED PAYMENT CENTER INC. and | ) **JURY TRIAL DEMANDED** |
| DOE DEFENDANTS 1-10, | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT

1. Plaintiff Mary Bilek brings this action to secure redress for the unlawful debt collection practices of Defendant United Payment Center Inc. and Doe Defendants doing business as "Gray & Associates" or other attorney's office in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue and personal jurisdiction are proper because (1) Defendants do business in this District, and (2) a substantial part of the events giving rise to Plaintiff's claims occurred here, including the wrongful debt collection activities complained of herein. Plaintiff lives in this District, and was harmed by Defendants' improper actions and omissions while in this District.

## PARTIES

4. Plaintiff Mary Bilek is a natural person and resident of Cook County, Illinois.

5. Defendant United Payment Center Inc. ("United") is a California corporation headquartered at 222 North Mountain Avenue, Suite 215, Upland, California 91786. United is a

debt collection agency that collects and attempts to collect debts across the country, including in this District.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), in that she is a natural person who was allegedly obligated to pay a medical debt for personal, family, and/or household purposes.

7. Defendant United is a "debt collector" as defined by 15 U.S.C. § 1692a(6), in that it uses interstate mailings, telephone calls, and other instrumentalities of interstate commerce in its business, the principal purpose of which is the collection of debts. On information and belief, Defendant also regularly collects and attempts to collect debts owed or due or asserted to be owed or due others, which were incurred for family or household purposes.

8. The Doe Defendants are persons or companies who called Plaintiff and her family on behalf of or in concert with United, and who do business as "Gray & Associates" or otherwise represent themselves to be a law firm associated with their client's account. It is hard to tell, but it seems likely that all of the illegal activity described herein was performed by, or on behalf of, United, even though sometimes other names were used.

9. On information and belief, United and the Doe Defendants neglected to obtain a license to do business as a collection agency in Illinois, despite being required to do so under 225 ILCS 425/4.

**FACTS**

10. Defendants have called Plaintiff Mary Bilek and other members of her family—including her husband and daughter—in attempt to collect an alleged consumer debt from Plaintiff.

11.     On information and belief, the alleged debt Defendants attempted to collect is an approximately $150 charge for medical treatment, which, if incurred, would have been incurred in 2010.

12.     Despite this, Defendants' representatives claimed that Plaintiff owes $1,150, and have sought payment for that amount from Plaintiff.

13.     The statute of limitations applicable to Plaintiff's alleged debt is five years. *See St. Francis Med. Ctr. v. Vernon*, 576 N.E.2d 1230, 1231 (Ill. Ct. App. 1991) (referencing five-year statute of limitations in reference to medical debt); 735 ILCS 5/13-205. The alleged debt has been time-barred since 2015, and was time-barred at all times of Defendants' attempted collection.

14.     Defendants at no time provided notice to Plaintiff that the alleged debt was time-barred, and their representatives repeatedly made statements indicating that Plaintiff was or was going to be sued, despite the time-barred nature of her alleged debt.

15.     For example, at approximately 11:00 a.m. on March 9, 2018, a Defendant left Plaintiff the following voicemail message from or on behalf of Defendants, from caller ID (855) 803-8374:

> Attention, this is Julie Williams. I'm calling with Cook County Dispatch to notify Mary Bilek there was a failed attempt on delivering court documents to the current resident on file. If any changes need to be made to the time, date, or location of delivery, you need to contact the law firm handling your case immediately at (855) 803-8374, along with case number 2018-32862. Failing to contact that law firm will result in further legal proceedings to take place without your knowledge. This is an urgent matter. It is also time-sensitive; you do need to contact that law firm.

16.     Similarly, at approximately 11:17 a.m. on March 9, 2018, Plaintiff received the following voicemail message from or on behalf of Defendants, from caller ID (855) 803-8374:

> Attention, Mary Bilek. This is Julie Williams. I'm calling with Cook County Dispatch. I'm calling to notify you [that] two attempts will be made to issue out legal documents to the current resident on file. If any changes need to be made to the time, date, or location of delivery, you need to contact the law firm handling your case immediately at (855) 803-8374, along with your case number 2018-32862. Failing to contact that law firm will result in further legal proceeding to take place without your knowledge. This is an urgent matter. It is also time-sensitive. Mary Bilek, you are notified.

17. Of course, due process prohibits legal proceedings to take place without a defendant's knowledge. The statement that Defendants would make "further" legal proceedings happen "without your knowledge" was either a false statement, or a threat to do something that could not legally be done, or both.

18. On information and belief, there is no such entity as "Cook County Dispatch," and there was no actual attorney's office handling Plaintiff's "McNeal Hospital issue" by or on behalf of Defendants. Rather, Defendant's representatives were lying about their identities in an attempt to coerce payment by making Plaintiff believe that she would face legal proceedings if she didn't pay them.

19. On information and belief—including the repeated use of the same script referencing "Cook County Dispatch," Defendants practice is to call alleged debtors and threaten litigation, even for time-barred debts like the one alleged to be owed by Plaintiff.

20. At approximately 12:39 p.m. on March 9, 2018, one or more Defendant left Plaintiff the following voicemail message from or on behalf of Defendants, from caller ID (213) 212-8700:

> Yes, Mary, how do you do? This is the attorney's office handling the McNeal Hospital issue. I wanted to make contact with you and make sure that we do have the right e-mail address, that you did receive that settlement offer. We would need to know if, it expires today, if it is something that you'd want to take advantage of. Please give a call if you receive this, direct number (213) 212-8700.

21. Most of Defendants' communications with Plaintiff also failed to identify who they are; indeed, even when Plaintiff or her husband directly asked for contact information for Defendants, Defendants refuse to provide this information.

22. Plaintiff and her family members spoke with Defendants on the telephone numerous times. During these telephone conversations, Defendants belittled Plaintiff and her family, and used abusive and inappropriate language.

23. On information and belief, Defendant United purchased the account about which it called Plaintiff from another debt buyer, Pro Recovery Systems, Inc. ("Pro Recovery"), on or about January 23, 2018.

24. On March 13, 2018, Plaintiff's counsel Alex Burke sent Pro Recovery an e-mail at its support@prorecoverysystems.com address—the contact address provided on its website—which informed it that Plaintiff was represented by counsel, that she disputes the alleged debt (which is outside the statute of limitations, in any case), and that Plaintiff demands that all further collection efforts cease. This correspondence further demanded that Pro Recovery inform any further party to whom the alleged debt had been sold or transferred of these facts.

25. The calls from seemingly the same callers continued despite this written notification that Plaintiff had retained counsel and wanted further communications to cease.

26. For instance, at approximately 3:24 p.m. on April 9, 2018, Plaintiff received the following voicemail message from Defendants from caller ID (909) 247-3216, referencing the same internal case number as the prior calls:

> This message is for Mary Bilek. My name is John, and I'm a manager here at Gray & Associates. Ms. Bilek, please give me a call back. It looks like you, um, spoke to one of our representatives, uh, well actually, you spoke to several people. If you could just give me a call back; the notes are not very clear here. But looks like we did have a file with you on your McNeal Hospital account, and I have to make a final decision on this, but I wanted to kinda hear what's going on here

5

before I make that decision. You can reach me at (909) 247-3216, case number 2018-32862. No further attention will be made.

27. Defendant or those on its behalf repeatedly called Plaintiff's husband and daughter's phones in an attempt to contact Plaintiff, as well—even after speaking with Plaintiff herself such that it had no need to call them for location information. Defendants' calls to Plaintiff's family members repeatedly disclosed the fact that they were attempting to collect an alleged debt from her.

28. For instance but not limitation, Defendant called Plaintiff's husband's phone number from caller ID (855) 803-8374 on or about March 5, 2018, among other possible instances.

29. Likewise, but not by limitation, Defendant called Plaintiff's daughter's phone number from caller ID (855) 803-8374 on or about March 5, 2018, among other possible instances.

30. Defendant's representatives also frequently used insulting or disparaging language when speaking with Plaintiff and her family, including calling her husband a "loser" and an "idiot," and mocking his disability on two separate occasions by telling him he is a "disgrace to society" who should "stop playing the system." Plaintiff witnessed these comments first-hand during Defendants' calls with her husband, with his phone on speaker.

31. Neither in the phone calls with Plaintiff, nor through any other correspondence— sent within five days of initial contact or otherwise—did Defendant inform Plaintiff that (a) unless Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendant; (b) if Plaintiff notified Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant will obtain verification of the debt or a copy of a judgment against Plaintiff

and a copy of such verification or judgment will be mailed to Plaintiff by Defendant; or (c) that, upon Plaintiff's written request within the thirty-day period, Defendant will provide him with the name and address of the original purported creditor, if different from the current creditor.

32. On information and belief, some or all of Defendants' collection calls were made using an automatic telephone dialing system.

## COUNT I

### FDCPA, 15 U.S.C. §§ 1692 *et seq.*

33. Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully stated herein.

34. Defendants' actions and omissions with respect to Plaintiff, whether described herein or not, violated the FDCPA.

35. For example, but not by limitation, it is Defendants' practice to threaten litigation in their debt collection communications, including on time-barred debts.

36. Defendants' practice and conduct in threatening to sue over time-barred debts violated Section 1692e(5) of the FDCPA, as a threat to take an action that could not legally be taken or that was not intended to be taken. On information and belief, Defendants did not intend to sue Plaintiff over the alleged debts, nor could they legally do so. *See, e.g., McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011) (affirming summary judgment on FDCPA claims and subsequent emotional distress award of $250,000 based on defendant filing and litigating time-barred debt collection action against plaintiff); *see also Herkert v. MRC Receivables Corp.*, 655 F. Supp. 2d 870, 875 (N.D. Ill. 2009) ("Numerous courts, both inside and outside this District, have held that filing or threatening to file suit to

7

collect a time-barred debt violates the FDCPA.") (citations omitted), *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679 (7th Cir. 2017).

37. Additionally, section 1692c of the FDCPA prohibits a debt collector from communicating with a consumer in connection with the collection of a debt if, among other things, the debt collector knows the consumer is represented by an attorney with respect to such debt, or the consumer has notified the debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication. Section 1692c(b) also generally provides that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." And even where a debt collector may permissibly contact a third party regarding a consumer's debt, under Section 1692b of the FDCPA, this may only occur once in relation to acquiring location information without stating that the consumer owes a debt, but not if the debt collector knows the consumer is represented by an attorney.

38. Defendants violated Sections 1692b and 1692c of the FDCPA by repeatedly contacting Plaintiff's family members, including after reaching Plaintiff herself, and by further calling Plaintiff after Plaintiff provided notice in writing that she is represented by an attorney as to the alleged debt at issue, that she disputes the alleged debt, and that she wants all collection communications to cease.

39. Section 1692d of the FDCPA generally provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." This includes, under Section 1692d(1), "[t]he use or threat of use of violence or other criminal means to harm the physical person, reputation,

8

or property of any person[,]" or under Section 1692d(2), "[t]he use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader[,]" or under Section 1692d(6), "the placement of telephone calls without meaningful disclosure of the caller's identity."

40. Defendants violated Section 1692d of the FDCPA by repeatedly failing to meaningfully disclose their identities (even when asked), by intentionally calling Plaintiff and her family from a purported "attorney's office" or "Cook County Dispatch" to try to scare Plaintiff into thinking she was being sued—even going so far as to threaten to pursue legal proceeding without her knowledge—and by using disparaging language, such as calling her husband a "loser" and "idiot."

41. Section 1692e of the FDCPA generally provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." This includes, under Section 1692e(2)(A), "[t]he false representation of … the character, amount, or legal status of any debt[,]" under Section 1692e(5), "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken[,]" under Section 1692e(10), "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer[,]" and under Section 1692(e)(14), "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization[,]" among other things.

42. Defendants violated Section 1692e of the FDCPA by, on information and belief, overstating the amount that would have been owed notwithstanding the statute of limitations, misrepresenting themselves as being with an attorney's office or Cook County government

9

office, failing to use their true name, and falsely suggesting that Plaintiff was or would be sued despite the time-barred status of her alleged debt.

43. Section 1692f of the FDCPA also generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." It was unfair and/or unconscionable, in violation of Section 1692f, for Defendants to attempt to coerce payment by threatening Plaintiff with a lawsuit Defendants, on information and belief, had no intention of bringing, nor could they bring given that the debt was outside the statute of limitations.

44. Section 1692g(a) of the FDCPA provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

45. However, Defendants failed to provide the information required by Section 1692g(a), supra, during the initial oral communication between Plaintiff and its representatives, through a written communication sent within five days thereafter, or at any other time. To date, Plaintiff has not received such notice from Defendants, in violation of Section 1692g(a) of the FDCPA.

46. Plaintiff requests actual damages, statutory damages, and attorneys' fees and costs. 15 U.S.C. § 1692k(a).

WHEREFORE, Plaintiff Mary Bilek prays that this Honorable Court award the following relief for her and against Defendants:

    (a)    Actual and statutory damages;

    (b)    Attorney's fees, litigation expenses, and costs of suit; and

    (c)    Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Respectfully submitted,

MARY BILEK

Dated: August 3, 2018

By: */s/ Alexander H. Burke*

Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

*Counsel for Plaintiff*